**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**TRICIA MARIE WHITEHEAD,**

**Defendant.**

**Case No. 05-40155-JAR**

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Tricia Whitehead's Motion for Expungement

of her conviction (Doc. 40).  On October 16, 2006, Defendant pled guilty to one count of

possession with the intent to distribute crack cocaine.[1]  This Court sentenced Defendant to 37

months' imprisonment.[2]  That sentence was subsequently reduced to 30 months, pursuant to 18

U.S.C. § 3582(c) and § 2D1.1 of the Sentencing Guidelines, which amended the crack cocaine

quantity table and was deemed retroactive.[3]  Defendant now seeks expungement of her

conviction, citing her volunteer work in the community since her release from prison, her gainful

employment, and her plan to enroll in online classes to make a better life for herself and her

children.

The Tenth Circuit Court of Appeals has held that there is no statutory authority for an

order expunging a conviction, but that federal courts have equitable powers to expunge a

conviction only when there is a finding that the conviction was "unconstitutional, illegal, or

---

[1]Doc. 30.

[2]Doc. 34.

[3]Doc. 38.

1

obtained through government misconduct."[4]  Here, there is no allegation that the conviction was in any way improper.  Defendant's sole contention is that she has led an exemplary life after her release from prison and wishes to rebuild her life.  While the Court commends Defendant on her efforts, it is simply without power to grant her the relief she requests.[5]

The Court notes there is a procedure to seek a Presidential pardon through an application with the United States Department of Justice.[6] Such pardons are rarely granted, however, and the Court expresses no opinion on the appropriateness or availability of such a remedy in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Tricia Whitehead's Motion for Expungement (Doc. 40) is **denied**.

**IT IS SO ORDERED.**

Dated: <u>November 22, 2017</u>

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE

---

[4]*See United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993) (citing *Bromley v. Crisp,* 561 F.2d 1351 1364 (10th Cir. 1977)).

[5]*See United States v. Green*, No. 90-20012-02-JWL, 2007 WL 2316920, at *1 (D. Kan. Aug. 8, 2007) (following *Pinto* to find that the court lacked authority to expunge a criminal conviction that has not been invalidated); *United States v. Nedelcu,* No. 2:05-CR-330-TS , 2011 WL 2972077, at *2 (D. Utah July 20, 2011) (same).

[6]*See, e.g.,* information at www.justice.gov/pardon